IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MARY G. FORD**                                                                           **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 1:14-CV-178-SA-SAA**

**LITTON LOAN SERVICING LP;
JPMORGAN CHASE BANK; THE BANK
OF NEW YORK; OCWEN LOAD SERVICING
LLC; EMILY KAYE CORTEAU; MORRIS
AND MORRIS; and MICHAEL A. JEDYNAK**                              **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion for Judgment on the Pleadings [11]. After due consideration, the Court finds as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mary Ford entered into a loan agreement with Nationscredit Financial Services Corporation ("Nationscredit") in August of 1998 for which real property in West Point, Mississippi served as collateral. Nationscredit assigned its interest to JPMorgan Chase Bank, N.A. ("Chase") as trustee under the Pooling and Service Agreement dated as of June 1, 2002, among Credit-Based Asset Servicing and Securitization LLC, Salomon Brothers Mortgage Services VII, Inc., Litton Loan Servicing LP ("Litton") and JPMorgan Chase Bank, Salomon Mortgage Loan Trust, C-Bass Mortgage Loan Asset-Backed Certificates, Series 2002-CB3.

Chase appointed Emily Kaye Corteau as substitute trustee under the deed of trust on March 9, 2004. Some time prior to January 10, 2007, the law firm of Morris & Morris informed Plaintiff that her property was being foreclosed on. Morris & Morris also informed Plaintiff of the impending auction to be held on January 10, 2007. Corteau conducted a foreclosure auction and sale on January 10, 2007 to The Bank of New York.

Plaintiff contends that she made a wire transfer on the morning of January 10, 2007 for the full amount in arrears on the deed of trust, plus foreclosure expenses, and that Defendant Michael Jedynak of Morris & Morris confirmed the transfer prior to the foreclosure sale. Plaintiff also contends that she continued to make payments to loan servicer Litton. In September of 2011, Litton transferred the servicing on the loan to Defendant Ocwen Loan Servicing LLC. Following this transfer, Plaintiff began making payments to Ocwen.

It was not until 2012 when Plaintiff found out that the property at issue was not listed in her name. When Plaintiff turned 65, she inquired about a property tax exemption with the Clay County Tax Assessor. At that time, the Clay County Tax Assessor informed Plaintiff that the property was not listed in her name; instead the property was listed in the name of The Bank of New York. When Plaintiff learned this, she and her attorney attempted to contact Jedynak by phone and letter. Neither communication resulted in a response from Jedynak.

Plaintiff then commenced this action in the Chancery Court of Clay County, Mississippi against Defendants Litton, Chase, The Bank of New York, Ocwen, Corteau, Morris & Morris, and Jedynak alleging wrongful foreclosure, and deprivation of property without due process. Defendants removed the action to this Court, and Defendant Chase brought this Motion for Judgment on the Pleadings [11].

## APPLICABLE STANDARD

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). When considering a motion to dismiss for failure to state a claim under 12(b)(6), a complaint is properly dismissed if it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive such considerations, the complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). This means it must "contain sufficient factual matter . . . to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In making the plausibility determination, the Court accepts the factual contentions as true, drawing "all reasonable inferences in the plaintiff's favor." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court is not, however, bound to the plaintiff's bare legal conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955, (2007), (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

## ANALYSIS AND DISCUSSION

1. <u>Wrongful Foreclosure</u>

Chase contends that the statute of limitations for Plaintiff's claim of wrongful foreclosure has run, and that the Plaintiff does not have the standing to bring such a claim in the first place. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Claims brought for wrongful foreclosure of property have been held by the Mississippi Court of Appeals to be subject to the general three-year statute of limitations. *Tennessee Properties, Inc. v. Gillentine*, 66 So. 3d 695, 699 (Miss. Ct. App. 2011). Mississippi's general statute of limitations provides: "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three years next after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49 (1990). The statute of limitations begins to accrue on the date

of the allegedly wrongful foreclosure. *Comm. Serv. of Perry, Inc. v. F.D.I.C.*, 199 F.3d 778, 780 (5th Cir. 2000).

While the discovery rule or the doctrine of concealed fraud may toll the statute of limitations in some cases, it does not apply to matters of public record. *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 875 (¶ 22) (Miss. 2001); *Gillentine*, 66 So. 3d at 699. In the instant case, the statute of limitations was not tolled even though the Plaintiff did not discover that the property was no longer listed in her name until 2012. A Substitution of Trustee document bearing the Clay County Chancery Clerk's filing stamp dated March 16, 2004 clearly indicates that Courteau's substitution as trustee became part of the public record on that date. Additionally, the Plaintiff has attached a newspaper notice with an accompanying Affidavit of Publication, also bearing the Clay County Chancery Clerk's stamp demonstrating that notice of Courteau's foreclosure sale was published in West Point Mississippi's newspaper, "The Daily Times Leader" on December 20, 2006, December 27, 2006, and January 3, 2007. Because Courteau's substitution as trustee and the resulting foreclosure sale were matters of public record, Mississippi's general three year statute of limitations applies without tolling.

Plaintiff states in the state court Complaint [2] that Courteau was substituted as trustee by Chase on March 9, 2004, and that foreclosure of the property at issue took place on January 10, 2007. The date of the foreclosure is the date of accrual for the statute of limitations. Working forward from that date, Plaintiff must have brought the suit by January 10, 2010 to be within the statute of limitations set by Mississippi law. Plaintiff did not file the Complaint [2] until September 26, 2014, well after the statute of limitations had fully run. It is clear upon the face of

Plaintiff's Complaint [2] that a claim for wrongful foreclosure is barred by the statute of limitations and must be dismissed.[1]

2. Due Process

Plaintiff also claims that Chase unlawfully deprived Plaintiff of her property without due process. The Due Process Clause of the Fourteenth Amendment does not protect private citizens from actions of other private citizens; the Due Process Clause only acts to protect private citizens against state actors. *Deshaney v. Winnebago Cnty. Dept. of Soc. Serv.*, 489, U.S. 189, 196, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989); *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000); *Dean v. Pub. Emps. Ret. Sys.*, 797 So. 2d 830 (Miss. 2000).

This Court has held that non-judicial foreclosures do not constitute state action or implicates the Due Process Clause. *Curlee v. Wells Fargo Home Mortg.*, No. 1:06CV219-D-D, 2007 WL 4287544, at *2 (N.D. Miss. Dec. 5, 2007). All actors in the instant case are private citizens. Therefore, the due process claim must be dismissed as well.

## CONCLUSION

The Defendant's Motion for Judgment on the Pleadings [11] is hereby GRANTED, and Defendant JP Morgan Chase Bank is DISMISSED as a party defendant.

SO ORDERED on this, the 24th day of August, 2015.

                                                                     **/s/ Sharion Aycock**
                                                                     **U.S. District Judge**

---

[1] Chase also argues that Plaintiff fails to plead facts sufficient to state a plausible claim for relief against Chase. However, when "the statute of limitations bars Plaintiff's claim, the Court need not address additional grounds for dismissal." *De Graffenried v. Smithway Motor Express, Inc.*, No. 3:14CV00009-SA-SAA, 2014 WL 7338868, at *5 n.4 (N.D. Miss Dec. 22, 2014).