# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

MARY G. FORD                                                                                PLAINTIFF

V.                                                                  CIVIL ACTION NO. 1:14-CV-178-SA-SAA

LITTON LOAN SERVICING LP;
JPMORGAN CHASE BANK; THE BANK
OF NEW YORK; OCWEN LOAD SERVICING
LLC; EMILY KAYE COURTEAU; MORRIS
AND MORRIS; and MICHAEL A. JEDYNAK                  DEFENDANTS

## MEMORANDUM OPINION

Before the Court is the Motion to Dismiss or in the Alternative for Summary Judgment, [48] put forth by Defendants Morris and Morris, Emily Kay Courteau, and Michael Jedynak. The Plaintiff has responded [52], and the Defendants have not replied in the time allotted for doing so making this issue ripe for review. *See* L. U. CIV. R. 7(b)(4) After due consideration, the Court finds as follows:

*Factual and Procedural Background*

The allegations in this case arise out of a foreclosure proceeding conducted on the Plaintiff's property in 2007, handled at least in part by, attorney Michael Jedynak with the firm of Morris and Morris. Emily Kay Courteau is the substitute trustee that conducted the foreclosure sale. Plaintiff alleges that she paid the full balance needed to avoid foreclosure by way of a wire transfer the day of, but before the actual sale. The Defendants dispute this allegation. The property at issue was sold at the foreclosure sale. The sale was rescinded approximately three weeks after this suit was instituted in state court. Plaintiff is, and always has been, in actual possession of the property.

Plaintiff commenced this action in the Chancery Court of Clay County, Mississippi against Defendants Litton, Chase, The Bank of New York, Ocwen, Courteau, Morris and Morris, and Jedynak alleging wrongful foreclosure, deprivation of property, and loss of the homestead exemption. Defendants removed the action to this Court. This Court entered a Judgment [54] on September 10, 2015 dismissing defendants Litton, Chase, The Bank of New York, and Ocwen leaving the movants: Courteau, Morris and Morris, and Jedynak as the only remaining defendants in this case. These remaining Defendants brought the instant Motion [48].

The Defendants now move for dismissal of the Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment. The parties presented matters outside the pleadings for consideration by the Court in ruling on the instant motion. *See* FED R. CIV. P. 12(d). The Court has not excluded these matters. Because Federal Rule of Civil Procedure 12(d) would require conversion of a 12(b)(6) motion into one for summary judgment anyway, the instant motion is construed as one for summary judgment. *Id*.

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate

the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when ... both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

*Analysis and Discussion*

The Defendants remaining in this case moved for summary judgment on the Plaintiff's claims of wrongful foreclosure, loss of possession, loss of homestead tax exemption, and intentional infliction of emotional distress. The Plaintiff did not assert a claim for damages related to emotional distress in her Complaint [2]. Also, in her Response [52, 53] to the instant motion the Plaintiff asserts that she "has no intention of seeking damages for emotional distress." For these reasons, the Plaintiff has abandoned any claim for intentional infliction of emotional distress, and to the extent such a claim was asserted, it is dismissed. *Sanders v. Sailormen, Inc.*, No. 3:10-CV-606-CWR, 2012 WL 663021, at *3 (S.D. Miss. Feb. 28, 2012) *aff'd,* 506 F. App'x 303 (5th Cir. 2013).

As to the Plaintiff's claim for loss of possession, it appears from the Defendants' motion and the Plaintiff's response that the Plaintiff is now and has always been in actual possession of the property at issue in this case. Although the Plaintiff always retained actual possession, the property was sold in a foreclosure sale conducted by Defendant Emily Courteau on January 10, 2007. The foreclosure sale was rescinded on August 13, 2014, some three weeks after Plaintiff filed this action in state court. The Defendants attached the Notice of Rescission [49-4] to the instant motion and the Plaintiff acknowledged the rescission in her Response [52]. Based on the information now before the Court, the Plaintiff is in actual possession of, and to the extent the Defendants' rescinded their interest, has title to the property in question. Because possession is no longer a matter of dispute between the parties, the Court finds the Plaintiff's claim for loss of possession moot. *Salazar v. Heitkamp*, 193 F. App'x 281, 283 (5th Cir. 2006). "In general, a matter is moot for Article III purposes if the issues presented are no longer live. . ." *Salazar v. Heitkamp*, 193 F. App'x 281, 283 (5th Cir. 2006); *Sierra Club v. Glickman,* 156 F.3d 606, 619 (5th Cir.1998). With no apparent prospect for further redress on this issue, the Plaintiff's claim for loss of possession is hereby dismissed as moot.

The Defendants also moved for summary judgment on the Plaintiff's claim of wrongful or unlawful foreclosure, asserting that the applicable three-year statute of limitations ran long before the Plaintiff filed this action, and arguing in the alternative that the foreclosure was not wrongful.

In Mississippi, claims brought for wrongful foreclosure of property are subject to the general three-year statute of limitations. *Tennessee Prop., Inc. v. Gillentine*, 66 So. 3d 695, 699 (¶13) (Miss. Ct. App. 2011). Mississippi's general statute of limitations provides: "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three years next

after the cause of such action accrued, and not after." MISS. CODE ANN. § 15-1-49 (1990). The statute of limitations begins to accrue on the date of the allegedly wrongful foreclosure. *Comm. Serv. of Perry, Inc. v. F.D.I.C.*, 199 F.3d 778, 780 (5th Cir. 2000) (citing *Bedford v. Kravis*, 622 So. 2d 291, 295 (Miss. 1993); *Central Trust Co. v. Meridian Light & Ry.,* 106 Miss. 431, 63 So. 575, 576 (Miss. 1913)).

In some cases involving latent injury, the discovery rule tolls the statute of limitations until the plaintiff "by reasonable diligence should have discovered the injury." MISS. CODE ANN. § 15-1-49 (2) (1990). The Mississippi Supreme Court has interpreted the "reasonable diligence" language of the statute to mean that the discovery rule does not apply to matters of public record. *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 875 (¶ 22) (Miss. 2001); *Gillentine*, 66 So. 3d at 699. In *Gillentine*, the Supreme Court of Mississippi held that the three-year statute of limitations was not tolled even when there was at least some evidence of concealed fraud and it was alleged that defects in the foreclosure sale could not have been discovered in a review of the land records. *Id*.

In the instant case, the statute of limitations was not tolled by the discovery rule even though the Plaintiff claims she did not actually discover that the property was no longer listed in her name until 2012. *See also Buntyn v. JP Morgan Chase Bank, N.A.*, No. 3:13CV19-HTW, 2014 WL 652946, at *1 (S.D. Miss. Feb. 20, 2014) (holding that the doctrine of continuing tort does not apply to toll the statute of limitations on claims for wrongful foreclosure, because the harm "reverberates from a wrongful act," not a continuing wrong). The Plaintiff had actual notice of the foreclosure sale and should have discovered the outcome of the sale through "reasonable diligence." *Id*.[1] A Substitution of Trustee document bearing the Clay County

---

[1] In *O'neal Steel* the Supreme Court of Mississippi held that: "[r]easonable diligence requires the plaintiff to, at the very least, check the land records in the county where the judgment debtor resides. Had [Plaintiff] done so, it[sic]

Chancery Clerk's filing stamp dated March 16, 2004 clearly indicates that Courteau's substitution as trustee became part of the public record on that date. Additionally, the Plaintiff has attached a newspaper notice with an accompanying Affidavit of Publication, also bearing the Clay County Chancery Clerk's stamp demonstrating that notice of Courteau's foreclosure sale was published in West Point Mississippi's newspaper, "The Daily Times Leader" on December 20, 2006, December 27, 2006, and January 3, 2007. Because Courteau's substitution as trustee and the resulting foreclosure sale were matters of public record, Mississippi's general three-year statute of limitations applies without tolling.

Chase substituted Courteau as trustee on March 9, 2004, and the foreclosure sale took place on January 10, 2007. The date of the foreclosure is the date of accrual for the statute of limitations. Working forward from that date, Plaintiff must have brought the suit by January 11, 2010 to be within the statute of limitations set by Mississippi law. Plaintiff did not file the Complaint [2] until September 26, 2014, well after the statute of limitations had fully run. Based on the information before the Court, it is clear that the Plaintiff's claim for wrongful foreclosure is barred by the statute of limitations. Because there are no genuine disputes of any material facts relative to the analysis of the Plaintiff's claim for wrongful foreclosure under the applicable statute of limitations, the Defendants' motion for summary judgment on this claim is granted.

Finally, the Defendants have moved for summary judgment on the Plaintiff's claim for loss of the homestead exemption. Essentially, the Plaintiff claims that she was entitled to a reduced tax rate, the homestead exemption, but was unable to take advantage of this lower rate because her property was not titled in her name because of the wrongful foreclosure. Defendants

---

would have easily discovered the filing of the deed and the transfer of the property at issue. There is no evidence that [Plaintiff] undertook any review of the land records until the filing of the lawsuit. *O'Neal Steel, Inc. v. Millette*, 797 So. 2d 869, 875 (Miss. 2001). Similarly, there is no evidence in the instant case that Plaintiff undertook any review of the land records. It is also important to note that the Plaintiff in this case was on actual notice that foreclosure proceedings were initiated.

counter Plaintiff's claim by arguing that the statute of limitations bars this claim and in the alternative that the foreclosure was not wrongful.

Plaintiff's claim for loss of the homestead exemption arises out of her claim for wrongful foreclosure. The loss of the homestead exemption is a "continuing effect, reverberating from a single action," the alleged wrongful foreclosure. *Buntyn*, No. 3:13CV19-HTW, 2014 WL 652946, at *5; *Smith v. Franklin Custodian Funds*, Inc., 726 So. 2d 144, 148 (¶17) (Miss. 1998). Plaintiff's cause of action accrued at the time of the foreclosure sale. *Id*. "The Defendants' wrongful acts, if there were any, culminated and ceased at the foreclosure sale." *Id*. In some situations, a continuing or repeated injury can give rise to liability, but this requires "repeated acts of wrongful conduct" committed by the defendant. *Id*. In the instant case, there are no allegations of repeated wrongful acts by the Defendants' before the Court. As stated above, the statute of limitations for the claim of wrongful foreclosure has long since run, and because the alleged loss of the homestead exemption is a direct and continuing effect of the sale, the statute of limitations also bars any claims for loss of the homestead exemption. *See id*.

Because there is no genuine dispute as to any of the material facts relevant to the analysis of the Plaintiff's claim for loss of the homestead exemption under the applicable doctrine, the Defendants' motion for summary judgment on this claim is granted.

*Conclusion*

For the reasons stated above, Plaintiff's claim for loss of possession is DISMISSED as moot. Defendants' motion for summary judgment on all other claims is GRANTED. With no remaining claims and all other Defendants dismissed by other orders of this Court, this case is hereby DISMISSED with prejudice, and this case is CLOSED.

**SO ORDERED on this the 24th day of September, 2015.**

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**